UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MARGARET VINSON,                    )
                                    )
          Plaintiff,                )
                                    )          No. 1:07-CV-213
v.                                  )
                                    )          Chief Judge Curtis L. Collier
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
          Defendant.                )

## MEMORANDUM

Plaintiff Margaret Vinson brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a decision of Defendant, the Commissioner of Social Security. Plaintiff moved for judgment on the pleadings (Court File No. 15), and Defendant moved for summary judgment (Court File No. 19). Magistrate Judge William B. Mitchell Carter filed a report & recommendation ("R&R") (Court File No. 21) recommending the Court rule in favor of Defendant. Plaintiff filed objections (Court File No. 22). Defendant responded by asking the Court to adopt the R&R for the reasons stated in the R&R (Court File No. 23). Having reviewed the R&R, the parties' briefs, the applicable, and the record, the Court will **GRANT** Plaintiff's motion (Court File No. 15), **DENY** Defendant's motion (Court File No. 19), **REJECT** the R&R's conclusion (Court File No. 21), and **REMAND** this case to the Commissioner of Social Security.


## I.      STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or

recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, *4, 1999 U.S. App. LEXIS 1621, *15 (6th Cir. Feb. 2, 1999).

## II.     FACTS AND PROCEDURAL HISTORY

Plaintiff applied for disability benefits on November 16, 2004 (Tr. 13). After her application was denied, she sought a hearing, which was held before an administrative law judge ("ALJ") on December 6, 2006 (Tr. 13.). Although Plaintiff initially listed the onset date for her disability as October 19, 2004, she amended it to May 31, 2005 before the hearing, and then amended it again during the hearing, to January 1, 2006. The ALJ issued a written decision concluding Plaintiff was not under a disability entitling her to Social Security disability payments (Tr. 13-20).

## A.    The ALJ's Decision

The ALJ followed the Social Security Administration's five-step evaluation process to determine if Plaintiff was disabled (Tr. 14).

At step one, he determined Plaintiff has not engaged in substantial gainful activity since the date of the amended alleged onset date (Tr. 15).

At step two, the ALJ determined Plaintiff has a medically determinable impairment or combination of impairments that is severe (Tr. 15).  Specifically, Plaintiff has regional enteritis or Crohn's disease.  The ALJ described Chohn's disease and summarized testimony from the hearing and the medical evidence in the record (Tr. 15-17).

At step three, the ALJ determined the impairments do not meet one of the impairments listed in a federal regulation, which would automatically qualify her as disabled (Tr. 14, 17).

Prior to conducting step four, the ALJ determined Plaintiff's residual functional capacity ("RFC"), which is an individual's ability to do work activities despite limitations from her impairments (Tr. 14-15).  To determine the RFC, the ALJ reviewed Plaintiff's medical record and her testimony at the hearing, which he found to be "not entirely credible" in light of the medical record (Tr. 17-18).  The ALJ found Plaintiff's subjective allegations to be unsupported by the record as a whole (Tr. 18).

The ALJ concluded Plaintiff has the RFC to perform "skilled light work activity."  (Tr. 17).  Specifically, he determined Plaintiff's limitations restrict her to lifting 15 pounds occasionally, 10 pounds frequently, sitting up to six hours, and standing and/or walking up to four hours (Tr. 18).

The ALJ made these determinations by affording "significant weight" to the opinion of Dr. Emelito Pinga, who performed a consultive examination on Plaintiff.  Dr. Pinga opined Plaintiff

could sit six hours and walk or stand four hours in an eight-hour workday and also opined there would be limitations in any frequent lifting of five to 10 pounds or occasional lifting of 15 pounds (Tr. 17). The ALJ found Dr. Pinga's opinion is "supported by thorough medical evidence and the clinical and objective findings found in the record, and is consistent with the record as a whole." (Tr. 18-19). State agency review physicians also provided input, determining Plaintiff's restrictions were consistent with medium work activity, which involves a higher level of exertion than light work activity (Tr. 19). However, the ALJ stated he did not accord their findings considerable weight because "they were made without benefit of the claimant's oral testimony, without a personal examination of the claimant, and before additional evidence was received into the record." (Tr. 19).

At step four, the ALJ concluded Plaintiff has the RFC to perform the requirements of her past relevant work as a fast food restaurant manager (Tr. 19). The ALJ considered the testimony of a vocational expert, Ben Johnson, that the job of fast food manager requires "light exertion and skilled job tasks." (Tr. 19). He noted Johnson's testimony is consistent with the job's classification in the Dictionary of Occupational Titles. He then concluded: "In comparing the claimant's residual functional capacity with the physical and mental demands of this job, I further find that the claimant is able to perform this job as it is usually performed. " (Tr. 19). Since Plaintiff has the RFC to perform past relevant work, the ALJ decided she was not disabled (Tr. 19, 20). Because of this ruling, the ALJ did not address step five.

## B. Report & Recommendation

After the parties filed cross-motions seeking judgment, the Magistrate Judge filed an R&R recommending the Court affirm the ALJ's decision. After thoroughly reviewing the facts of the case, its procedural history, the ALJ's findings, the hearing testimony, and the medical evidence,

4

he concluded the ALJ did not misconstrue the record in discrediting Plaintiff's statements regarding her limitations, Plaintiff should not be found disabled, and the ALJ's RFC finding is supported by substantial evidence (Court File No. 21).

## III.   DISCUSSION

Plaintiff objected to the R&R's conclusion.  She contends the ALJ erred by determining that Plaintiff could return to work as a fast food manager despite an RFC indication she could not perform the full range of light work.  The Court agrees with the objection.

The ALJ determined Plaintiff's limitations restrict her to lifting 15 pounds occasionally, 10 pounds frequently, sitting up to six hours, and standing and/or walking up to four hours (Tr. 18). Based on that finding, the ALJ concluded Plaintiff can perform the work-related activities required by light work (Tr. 18).  However, a person with those restrictions cannot fully do a job that is designated as requiring light work.  Social Security regulations "define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and state "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  SSR No. 83-10, 1983 SSR LEXIS 30, *13-14 (SSR 1983); *see also* 20 C.F.R. § 404.1567(b).  Based on the ALJ's determination of Plaintiff's RFC, she could not perform a full range of light work.

Although Plaintiff cannot perform a full range of light work, the ALJ nevertheless concluded Plaintiff could return to her past relevant work as a fast food manager.  The vocational expert had testified Plaintiff's previous job as a fast food manager was light work (Tr. 260-61).  The ALJ appeared to accept this conclusion (Tr. 19).  However, after "comparing the claimant's residual

functional capacity with the physical and mental demands of this job," the ALJ concluded "the claimant is able to perform this job as it is usually performed," and therefore she is not disabled (Tr. 19). If Plaintiff was fully able to perform light work, this conclusion would be proper, but the ALJ had already found Plaintiff could not perform a full range of light work.[1]

While the ALJ's discussion of Plaintiff's medical evidence is thorough, his discussion of her ability to perform the job is cursory. It is not evident how he determined the physical demands of the job. The testimony from the vocational expert, which was apparently accepted by the ALJ, is that the position of fast food manager involves light work. As previously noted, a job requiring light works requires lifting up to 20 pounds and standing or walking up to six hours in an eight hour day. However, the ALJ determined Plaintiff can life only 15 pounds and stand or walk up to four hours (Tr. 18). This means Plaintiff cannot do every job that requires light work.

Rather, Plaintiff can perform a job that requires what the parties refer to as a "reduced range of light" work (Tr. 260 & Court File No. 19, p. 9). Essentially, this is a job that falls between the categories of sedentary and light work. Social Security regulations explain that when a job falls between categories, ALJ must determine how many jobs a claimant can perform. SSR No. 83-12, 1983 SSR LEXIS 32, *3-4 (SSR 1983). Here, Plaintiff's work abilities fall between categories and the ALJ concluded she can perform her relevant past work as a fast food manager.

---

[1]The R&R concluded there was substantial evidence to support the ALJ's finding that Plaintiff can perform her job in the light work category. However, the ALJ did not find that Plaintiff can perform all light work. Although there was evidence to support such a finding, the ALJ did not make that finding. Furthermore, he expressly noted he was not according considerable weight to the evidence which would support such a finding (Tr. 19). Thus, while the R&R properly disposed of most issues in this case, the Court disagrees with its resolution of the issue forming the basis of Plaintiff's objection.

On reviewing the ALJ's decision, there is no way for the Court to determine the extent or significance of the RFC's departure from the work categories because the ALJ did not discuss the departure. He concluded Plaintiff could perform her work as a fast food manager. However, the vocational expert testified the job required light work.[2] Furthermore, Plaintiff's disability application states her job required walking or standing for seven hours per day and frequently lifting 25 pounds, which exceeds the demands of light work (Tr. 82). If the ALJ determined that the job actually required a reduced level of light work, the reasoning and supporting evidence for such a decision are missing. Accordingly, the Court concludes that after determining Plaintiff's RFC, the ALJ lacked substantial evidence for finding that she could perform the requirements of her past relevant work.

Plaintiff requests the Court award benefits or remand for a new hearing. Remand is proper. "Only when 'all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits' should a court reverse an ALJ's decision and immediately award benefits." *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994) (citing *Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). Here, there is a factual question as to whether Plaintiff can perform the job of a fast food restaurant manager, so the Court cannot award benefits. Instead, when an ALJ's factual findings are not supported by substantial evidence, the Court is required to remand. *Newkirk*, 25 F.3d at 318.

---

[2]The regulation specifically notes the ALJ "will need to consult a vocational resource" when it is not clear where a job falls in between two categories. SSR No. 83-12, 1983 SSR LEXIS 32, *4 (SSR 1983).

## IV.     CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion for judgment on the pleadings (Court File No. 15) and **REMAND** this case to the Commissioner of Social Security.  In addition, the Court will **DENY** Defendant's motion for summary judgment (Court File No. 19) and **REJECT** the R&R (Court File No. 21).

An Order shall enter.


**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**