UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MARGARET VINSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No: 1-07-CV-213 |
| | ) COLLIER/CARTER |
| MICHAEL S. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

I. Introduction

Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc 27), is before the undersigned having been referred by the District Court for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b).

II. Discussion

In order to recover attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), four conditions must be met:

(1) The plaintiff must be a prevailing party;

(2) The application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action;

(3) No special circumstances warranting denial of fees may exist;

(4) The government's position must be without substantial justification.

28 U.S.C. §2412(d); *see also*, *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

1

In the instant case, the Commissioner has filed no response to the motion for attorney's fees under the EAJA. Therefore, the Commissioner neither asserts the decision below was not substantially justified nor takes issue with the reasonableness of the fees sought. Having reviewed the record and the plaintiff's itemized billing, the undersigned finds plaintiff has met all requirements to receive EAJA fees. The rates charged are consistent with fees allowed in previous cases and are properly computed, as rounded to the nearest whole dollar.

### III. Conclusion

Accordingly, it is RECOMMENDED plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §2412(d), be GRANTED.

It is further RECOMMENDED that plaintiff be awarded attorney's fees in the amount of $3,336.00. Plaintiff's counsel requests any fees awarded be made payable to Dale L. Buchannan & Associates and asserts counsel will refund to Plaintiff the lesser of the EAJA awarded or the amount awarded under 42 U.S.C. §406(b). In light of this Court's Memorandum Opinion in *Watkins v. Jo Anne B. Barnhart, Commissioner of Social Security*, 1:05-CV-322, Doc. 30, I recommend the request to make the check payable to counsel be denied but that the Order approving fees provide for the check to be sent to Counsel, made payable to Plaintiff.[1]

Dated: November 24, 2008      s/William B. Mitchell Carter
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).